# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1392 | **DATE** | 7/13/2001 |
| **CASE TITLE** | David Velazquez, aka Jouse Rievia vs. Jerry L. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for a writ of habeas corpus is denied. Judgment is entered in favor of respondent Jerry L. Sternes and against petitioner David Velazquez. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 1 6 2001 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| ✓ | Mail AO 450 form. | | | | 15 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| RO | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 13 AM 9:51 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



| | | |
|---|---|---|
| DAVID VELAZQUEZ, aka Jouse Rievia, | ) | |
| | ) | |
| Petitioner,[1] | ) | No. 01 C 1392 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| JERRY L. STERNES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

David Velazquez filed this petition for a writ of habeas corpus, 28 U.S.C. § 2254,

challenging his state court aggravated possession of a stolen motor vehicle conviction.

Velazquez argues that he is entitled to habeas corpus relief because: (1) he was tried in violation

of the Illinois speedy trial statute, 725 ILCS 5/103-5; (2) he was denied his constitutional right to

a speedy trial; (3) he was tried in violation of the statute of limitations where his case was

stricken with leave to reinstate and was reinstated over three years from the date of the offense;

and (4) the Illinois Appellate Court erred and abused its discretion, and consequently violated his

right to due process. For the reasons set forth below, we deny Velazquez' petition. (R. 1-1.)

---

[1] Petitioner filed his habeas petition under his alias, Jouse Rievia. On April 6, 2001,
Petitioner filed a Motion to Amend Complaint to Accurately Reflect Plaintiff's Legal Name of
David Velazquez, (R. 10), which we granted.



## RELEVANT FACTS[2]

Petitioner was arrested on August 20, 1991 for possession of a stolen motor vehicle. He gave his name as "Jouse Rievia" and was released on bail. When he failed to appear at his September 18, 1991 court date, the court revoked his bail and issued a warrant for his arrest under the name "Jouse Rievia." The case was then stricken with leave to reinstate.

Petitioner was arrested again on January 24, 1992, this time under his legal name "David Velazquez." He was charged with two armed robberies, unrelated to the 1991 stolen vehicle charge. He was later convicted of one armed robbery and pled guilty to the second one. His presentence investigation report listed several aliases that he used. The report also listed an outstanding warrant for the 1991 stolen vehicle charge under the name "Jouse Rievia." At his sentencing hearing for the armed robberies, Velazquez, through his attorney, denied that he had been charged with the stolen motor vehicle offense.

Velazquez completed his sentence on the armed robbery charges on January 24, 1995 and was released from the penitentiary. He was then rearrested on the outstanding warrant issued in 1991, relating to the stolen vehicle charge. Velazquez moved to dismiss the charge, claiming that the speedy trial term was broken. The trial court denied the motion, and after a bench trial, found Velazquez guilty of the 1991 offense. Velazquez appealed, raising the first three claims that are currently before this Court, *i.e.*, whether the stolen vehicle conviction violated: (1) the Illinois speedy trial statute, 725 ILCS 5/103-5; (2) his constitutional right to a speedy trial; and

---

[2] We take the following facts from the state appellate court's opinion on direct appeal, *see* 28 U.S.C. § 2254(e)(1) (facts as found by the state court are presumed correct); *People v. Rievia (Rivera), a/k/a David Velazquez*, 719 N.E.2d 1077 (Ill. App. Ct. 1999). We relate only those facts relevant to Velazquez' petition.

(3) the prohibition against reinstating a case after the statute of limitations on the stolen vehicle charge expired. On September 15, 1999, the Illinois Appellate Court affirmed Velazquez' conviction and sentence. Velazquez subsequently filed a petition for leave to appeal ("PLA"), raising the same three issues he had raised before the appellate court and adding a fourth claim that the appellate court had abused its discretion in affirming his conviction and sentence. The Illinois Supreme Court denied his PLA on February 2, 2000. Velazquez did not seek collateral relief in the Illinois state courts, and the time for doing so has expired. On February 26, 2001, Velazquez filed the petition for a writ of habeas corpus currently before this Court.

## ANALYSIS

### I. Standard of Review

Under 28 U.S.C. § 2254(d), habeas relief may be awarded only where the state court's adjudication of a petitioner's claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

### II. Speedy Trial Statute

In his first claim, Velazquez argues that the stolen vehicle conviction violated the speedy trial statute. Specifically, the statute requires that, if a defendant is in simultaneous custody on multiple offenses, the State must try the defendant on one of the charges within 120 days. 725 ILCS 5/103-5(a). The State must then resolve all other pending charges within 160 days of the date judgment is entered on the first case. 725 ILCS 5/103-5(e). Delay attributed to the

defendant, however, may temporarily suspend the period within which a person shall be tried. 725 ILCS 5/103-5(f). In this case, Petitioner was arrested and charged with possession of a stolen vehicle under his alias Rievia and released on bond. He failed to appear in court as directed on that charge, but was later arrested and charged under his legal name, Velazquez, with the unrelated offenses of two armed robberies. Velazquez asserts that, for purposes of the statute, he was returned to custody for the 1991 stolen vehicle charge when he was arrested for the 1992 armed robbery charges. Thus, because the first of the armed robbery charges was resolved by July 30, 1992, he contends that the State then had 160 days in which to resolve the pending stolen vehicle charge, but it failed to do so. Consequently, he argues, the stolen vehicle charge should be dismissed.

We disagree. First, Velazquez does not claim a violation of federal law. This claim is squarely based on an alleged violation only of state law, which is not cognizable in federal habeas corpus proceedings. Even if this claim were cognizable, we agree with the appellate court that the State cannot be held responsible for "keeping track of the names felons may choose to use as they make their troubled way through life." *Rievia*, 719 N.E.2d at 1080. In this case, Velazquez gave a different name at each of the arrests. Furthermore, at the armed robbery sentencing hearing, Velazquez specifically denied knowing about the stolen motor vehicle charge brought against him under his alias. (R. 13, Exs. to Resp.'s Answer to Habeas Pet., Ex. A, Velazquez Br. On Direct Appeal at 13.) In spite of his own actions, Velazquez faults the State for not exercising reasonable diligence in bringing him to prompt trial.

The cases that Velazquez cites in support of his position are easily distinguished. First, in *People v. Powell*, 357 N.E.2d 725 (Ill. App. Ct. 1976), although the court pointed out that the

4

county authorities should "keep track of and if necessary trace the whereabouts of the defendant so as to provide him with a prompt trial," the defendant in that case did not use an alias. *Id.* at 727. Furthermore, contrary to Velazquez' assertion, *People v. Wilkins*, 395 N.E.2d 1036 (Ill. App. Ct. 1979), in fact, supports the State's position in this case. The *Wilkins* Court pointed out that "[i]t was defendant who, for whatever reason, used an alias, and we do not believe that he now may insist that the prosecution failed in its duty to locate him." *Id.* at 1038. Thus, as in the instant case, the *Wilkins* Court held that the "Defendant has not met his burden of showing that the delay was not occasioned by him." *Id.* Velazquez points to a list of efforts that the State made in uncovering Defendant Wilkins' identity and asserts that those efforts were prerequisite to a determination in that case that the State exercised reasonable diligence. Accordingly, Velazquez contends, because the State did not take the same steps in this case, the State did not exercise reasonable diligence and is to blame for the delay. The *Wilkins* Court, however, did not require such efforts from the State. It only outlined the steps that the State had taken in that particular case in affirming that the trial court's finding was supported by the facts. In the case before us, we agree with the appellate court that "[t]he record is ambiguous at best with respect to what the State could be expected to know or discover about the identity of a defendant who never backed off his claim to be someone else." *Rievia*, 719 N.E.2d at 1081. We also note that the defendant in *Wilkins* did not outright lie when asked whether he had been charged with an offense committed under his alias. Therefore, because Velazquez bears the blame for causing the delay, we cannot grant habeas relief on this claim.[3]

---

[3] We need not determine whether Velazquez should have filed a written demand, under 730 ILCS 5/3-8-10, to trigger the speedy trial term under that statute because we have already determined that Velazquez, and not the State, was responsible for the delay in resolving the

## III. Constitutional Right to a Speedy Trial

Velazquez next argues that his constitutional right to a speedy trial under the Sixth and Fourteenth Amendments was violated. Under *Barker v. Wingo*, 407 U.S. 514 (1972), a court must consider a constitutional speedy trial violation by analyzing: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) the prejudice caused to the defendant. Velazquez contends that all of these factors point to a violation of his constitutional right to a speedy trial. The Illinois Appellate Court disagreed with Velazquez and found that he, himself, was the cause for the delay and that the resulting prejudice was a result of his own conduct. *Rievia*, 719 N.E.2d at 1082. As explained above, we agree that Velazquez' own acts caused the delay and the resultant prejudice and thus cannot grant habeas relief on this claim.

## IV. Statute of Limitations

Velazquez contends that because his stolen motor vehicle case was stricken with leave to reinstate and reinstated over three years from the date of the offense, the applicable statute of limitations had run. *See* 720 ILCS 5/3-5(b) (three year statute of limitations for felony charges). This claim, as well, is non-cognizable as it raises solely an issue of state law. Even if the claim were cognizable, we would deny habeas relief on the merits. In *People v. East-West University, Inc.*, 637 N.E.2d 594, 600-01 (Ill. App. Ct. 1994), the Illinois Appellate Court, adopting the Illinois Supreme Court's reasoning in *People v. Johnson*, 1 N.E.2d 386 (1936), explained that the statute of limitations is tolled while a case remains stricken with leave to reinstate. Velazquez, however, relies on language in *People v. Triplett*, 485 N.E.2d 9 (Ill. 1985) to buttress his

---

pending stolen vehicle charge.

argument that the statute of limitations continues to run while the case is stricken with leave to reinstate. *See id.* at 18 (commenting that charges stricken with leave to reinstate could be reinstated within the limitations period). We disagree that *Triplett* supports Velazquez' position. The *East-West* Court clearly identified the language at issue in *Triplett* as mere dicta and explained that *Triplett* "was not a case which challenged the tolling of the limitations period while a charge was stricken with leave to reinstate."[4] *East-West Univ.*, 637 N.E.2d at 601. Thus, because the statute of limitations did not bar reinstatement of the stolen motor vehicle charge, we cannot grant habeas relief on this claim.[5]

## V. Right to Due Process Violated by Illinois Appellate Court

Finally, Velazquez argues that the Illinois Appellate Court "erred, abused its discretion, and thereby violated defendant's right to a fair and impartial review in violation of due process." (R. 1, Habeas Pet. at 6.) Specifically, Velazquez contends that the appellate court abused its discretion in failing to assign responsibility to the State for its delay in establishing his true

---

[4] Velazquez also cites *Jenkins v. Meginnis*, 931 F. Supp. 567 (N.D. Ill. 1996) in support of his argument that the statute of limitations should continue to run while a case is stricken with leave to reinstate. The *Jenkins* Court considered both *Lorenzana v. Metts*, No. 94 C 6861, 1995 WL 461970 (N.D. Ill. Aug. 2, 1995) (stating in dicta that while case, which is stricken with leave to reinstate, remains on court's docket awaiting reinstatement, applicable statute of limitations continues to run) and *Mitchell v. Keene*, 858 F. Supp. 105, 107 (N.D. Ill. 1994) (relying on *East-West University*, 637 N.E.2d 594, and holding that cases that are stricken with leave to reinstate may indefinitely toll the statute of limitations). Ultimately, because there was "an absence of any precedent definitively resolving the issue," the *Jenkins* Court decided that the statute of limitations is not tolled while a case is stricken with leave to reinstate. *Jenkins*, 931 F. Supp. at 570. We disagree with *Jenkins* and instead rely on *East-West University* and *Mitchell* in determining that the statute of limitations is tolled while a case is stricken with leave to reinstate.

[5] Finally, as the state appellate court pointed out, under 720 ILCS 5/3-7(a), the statute of limitations is tolled when a "defendant is not usually and publicly resident within this State." *Rievia*, 719 N.E.2d at 1084. Velazquez cannot be deemed to have been "publicly resident" in this State while using his alias.

identity while he was incarcerated on an unrelated charge. As explained above, Velazquez, himself, is responsible for the delay in resolving the stolen vehicle charge. Thus, we find that the Illinois Appellate Court did not violate Velazquez' right to due process, and we do not grant habeas relief on this basis.

## CONCLUSION

For the foregoing reasons, we deny Velazquez' petition for a writ of habeas corpus. (R. 1-1.) The Clerk of the Court is instructed to enter final judgment, pursuant to Federal Rule of Civil Procedure 58, against Velazquez.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: July 13, 2001